**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANNE-MARIE AULD, Individually and on behalf of her deceased infant son, So'yazhi, | : : : |
| Plaintiff, | : Civil Action No.:   22-3129 (RC) : |
| v. | : Re Document No.:   10 : |
| UNITED STATES OF AMERICA, | : : |
| Defendant. | : |

**MEMORANDUM OPINION**

GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

**I.  INTRODUCTION**

Plaintiff Anne-Marie Auld sues the United States for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, *et seq.*  Compl., ECF No. 1.  Before the Court is the Government's Motion to Dismiss, or in the alternative, for Summary Judgment, ECF No. 10 ("Mot. to Dismiss").  In response, Auld filed a Memorandum in Opposition, ECF No. 13 ("Mem. in Opp."), to which the Government filed a Reply, ECF No. 15.  For the reasons discussed below, the Court grants Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

**II.  FACTUAL BACKGROUND**

Anne-Marie Auld has served as a budget analyst for the Federal Bureau of Indian Affairs ("BIA") since 2016.  Compl. at 3, ¶ 1.[1]  Auld lives in Columbia, Maryland, and her commute to

---

[1] The Court relies on the ECF-generated page numbers when citing to docketed materials.

the BIA's offices is often long and stress-inducing. *Id.* at 4–5, ¶¶ 9, 14. Because Auld has epilepsy, a permanent disability, Auld's supervisors at the BIA initially permitted her to work remotely three days a week. *Id.* at 4, ¶¶ 9–10. Permitting Auld to work remotely reduced the amount of time Auld spent commuting to work, affording Auld more time to rest and decreasing the number of epileptic seizures she suffered. *Id.* In 2019, however, Auld was assigned a new supervisor who informed Auld that her accommodations for epilepsy—including the three days a week of remote work—were being rescinded. *Id.* at ¶ 12. Auld informed her supervisor and other relevant persons at the BIA that the recission of her remote work accommodations would increase her stress and exacerbate her epilepsy symptoms. *Id.* at 5–6, ¶¶ 16, 20.

When Auld's epilepsy symptoms began to worsen, Auld contacted her supervisor and others at the BIA on multiple occasions, informing them that the recission of her work from home accommodation was exacerbating her epilepsy and requesting that her remote work accommodation be reinstated. *Id.* at 6, ¶ 20, 23–24. Auld also informed the BIA that she was pregnant and that her exacerbated epilepsy symptoms were causing complications in her pregnancy. *Id.* at ¶ 24. Nevertheless, Auld did not receive a reply from the BIA regarding her remote work accommodation until after she went into preterm labor in January of 2020 and miscarried. *Id.* at 8–9, ¶¶ 32–40.

After her miscarriage, Auld brought this suit alleging four claims for damages relief under the Federal Tort Claims Act ("FTCA"): (1) wrongful death of her child; (2) common law negligent infliction of emotional distress; (3) common law negligence in training and supervision; and (4) common law negligence leading to the death of her child. *Id.* at 10–13. In essence, Auld alleges that her supervisor's failure to timely grant her requested remote work

accommodations, as well as the BIA's failure to better train her supervisor, caused her emotional distress, the exacerbation of her epilepsy symptoms, and her consequent miscarriage. *Id.*

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim must be dismissed if a district court lacks subject-matter jurisdiction to entertain the claim. Fed. R. Civ. P. 12(b)(1).  To survive a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of demonstrating a court's subject-matter jurisdiction over the claim at issue. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  The Court accepts as true the well-pleaded factual allegations of the complaint and grants the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quotation marks and citation omitted).

When a defendant files a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court must first examine the Rule 12(b)(1) challenge, *U.S. ex rel. Settlemire v. District of Columbia*, 198 F.3d 913, 920–21 (D.C. Cir. 1999), because "if it must dismiss the complaint for lack of subject[-]matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined," *Epps v. United States Capitol Police Bd.*, 719 F.Supp.2d 7, 12 (D.D.C. 2010) (internal quotation and citation omitted).  When reviewing a challenge pursuant to Rule 12(b)(1), a court may consider documents outside the pleadings to assure itself that it has jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

## IV.  ANALYSIS

### A.  The Court lacks subject matter jurisdiction over Auld's claims.

Federal courts are obligated to assess their jurisdiction before addressing the merits of a claim.  *See Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004).  Federal courts lack jurisdiction to adjudicate a claim when that claim is barred by sovereign immunity.  *See U.S. v. Testan*, 424 U.S. 392, 399 (1976); *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1216 (D.C. Cir. 1997).  Accordingly, the analysis here begins by addressing whether Auld's claims are barred by sovereign immunity.  They are.

The United States is immune from suit unless it explicitly waives its sovereign immunity. *Testan*, 424 U.S. at 399 (citation omitted).  "The federal government may waive its sovereign immunity by statute, but that waiver 'must be unequivocally expressed in statutory text.'" *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025 (D.C. Cir. 2006) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).  Auld alleges that the Government has waived its immunity to her claims through the Federal Tort Claims Act, Mem. in Opp. at 7–8, which waives the federal government's sovereign immunity for certain tort claims, *Harbury v. Hayden*, 522 F.3d 413, 416 (D.C. Cir. 2008).  Nevertheless, the FTCA's waiver does not apply to claims that are covered by the Federal Employees' Compensation Act ("FECA")—a statute that entitles federal employees who suffer disability or death resulting from "personal injury sustained while in the performance" of their duty to compensation from the government.  *See* 5 U.S.C. §§ 8101(1)(A), 8102(a). 8116(c); *Davis v. United States*, 973 F. Supp. 2d 23, 28 (D.D.C. 2014) (FECA coverage precludes suit under the FTCA); *see also Johnson v. Mao*, 174 F. Supp. 3d 500, 522 (D.D.C. 2016) (holding that, under FECA, "federal employees are statutorily precluded from bringing suits for money damages for injuries sustained during the course of their employment, and thus

4

they cannot rely on the FTCA to bring work-related tort claims" (internal quotation omitted)); *Jones v. United States*, 318 F. Supp. 3d 15, 19 (D.D.C. 2018) ("FECA carves out certain suits by federal employees from the FTCA's sovereign-immunity waiver."). In other words, if a claim is covered by FECA, the federal government has not waived its sovereign immunity.

This Court's jurisdiction, therefore, is dependent on whether Auld's claims are covered by FECA: if they are covered, the Court lacks jurisdiction. Auld contends that her claims are not covered by FECA and that, consequently, she may bring her claims under the FTCA instead. Specifically, Auld argues that her injuries stemmed from her commute to work and did not occur "on the job." Mem. in Opp. at 15. Auld also argues that her "her high-risk pregnancy and subsequent miscarriage are unique injuries that were not sustained in the actual performance of her duties." *Id.* at 17. Auld's arguments are unavailing.

When determining whether a federal employee is covered by FECA, the Court defers to the Secretary of Labor who is statutorily authorized to make coverage determinations. *See* 5 U.S.C. §§ 8121, 8124, 8128(b), 8145. The Secretary's coverage decision is "final and conclusive for all purposes and with respect to all questions of law and fact" and "not subject to review . . . by a court by mandamus or otherwise." 5 U.S.C. § 8128(b). Hence, courts in this District have held that "where there is a substantial question of FECA coverage—indeed, unless it is certain that the FECA does not cover the type of claim at issue—the district court may not entertain the FTCA claim ... [and] only the Secretary of Labor ... may decide whether FECA applies." *Klugel v. United States*, No. CV 06-01886 (HHK), 2009 WL 10692972, at *1 (D.D.C. Aug. 18, 2009) (internal quotation marks and citation omitted); *see also Whitaker v. United States*, No. 22-CV-01414 (CKK), 2023 WL 4999324, at *4 (D.D.C. Aug. 4, 2023) (same); *Daniels-Lumley v. United States*, 306 F.2d 769, 771 (D.C. Cir. 1962) ("[U]nless plaintiff's

injuries were clearly not compensable under the F.E.C.A. . . . the Secretary of Labor must be given the primary opportunity to rule on the applicability of the Act to this case."). Therefore, if there is "a substantial question of FECA coverage," the Court will dismiss an FTCA claim until the Secretary of Labor decides otherwise. *Klugel,* 2009 WL 10692972, at *1.

      Here, there is at least "a substantial question of FECA coverage," because it appears likely that Auld's injuries are, in fact, covered by FECA. This is so for two reasons. First, and foremost, the Secretary of Labor has determined that there is a substantial likelihood that FECA covers Auld's claims. Adam Calendrillo, the Branch Chief for the Branch of Regulations and Procedures for OWCP at the Department of Labor—the office to which the Secretary of Labor has delegated administration of FECA—has issued a reasoned opinion based on the facts in Auld's complaint concluding that there is a substantial likelihood of FECA coverage for Auld's claims. *See* Mot. to Dismiss at 4; Calendrillo Aff., ECF No. 10-1; Calendrillo Op., ECF No.12-2. As explained above, "[t]he ultimate determination" whether an employee is covered by FECA "is committed to the Secretary of Labor" and, therefore, it would "be inappropriate for this Court to make any specific findings as to whether the plaintiff's claims fall within the scope of the FECA." *Zellars v. United States*, No. CIV.A. 05-1670 (RBW), 2006 WL 1050673, at *3 (D.D.C. Apr. 20, 2006). Because the Secretary of Labor has concluded that FECA coverage is substantially likely, it would be inappropriate for the Court to hold otherwise.

      Second, even if this Court were to undertake the question whether FECA coverage is likely to apply under these facts, it would reach the same conclusion. While Auld contends that FECA does not apply because she was not "on the job" when she was injured, that distinction is unpersuasive. *See e.g., Whitaker*, 2023 WL 4999324, at *4–5 (rejecting employee's argument that his claims fell outside of FECA because he was on leave). As stated in her complaint,

Auld's injury was caused by the employment-related conduct of her supervisors: namely, the denial of a work accommodation for her epilepsy. Because the government conduct that Auld complains of is the BIA's failure to provide a work accommodation, it would be contradictory to consider the injury resulting from that conduct to have occurred outside of work. Auld cannot simultaneously argue that she was entitled to a *work* accommodation and argue that the lack of accommodation injured her *outside of work*. Moreover, Auld's supervisor's conduct in denying Auld an accommodation occurred at work.

As Auld recognizes, Mem. in Opp. at 15–16, some courts have assessed the likelihood of FECA coverage based on whether the "'obligations or conditions' of employment create[d] the 'zone of special danger' out of which the injury arose," *Bruni v. United States*, 964 F.2d 76, 79 (1st Cir. 1992) (quoting *O'Leary v. Brown–Pacific–Maxon, Inc.*, 340 U.S. 504, 506 (1951)). Here, Auld's complaint alleges that the "obligation" to be physically present at work created the danger out of which Auld's injuries arose: her long commute to work. Thus, Auld's injury was created by an obligation or condition of her employment and is likely covered by FECA.

Nor is Auld's at-work/outside-of-work distinction consistent with the precedents of other courts in this District. For instance, in *Whitaker*, the District Court held that a substantial question of FECA coverage existed for an employee's claims even though the employee was on leave when injured. 2023 WL 4999324, at *4. In so holding, the District Court accepted the Secretary of Labor's reasoning that an error or abuse in personnel action leading to an employee's injury was likely to give rise to FECA coverage. *Id.* at *5. Accordingly, the District Court held that the FTCA's waiver of sovereign immunity did not apply. *Id.* Just as it was immaterial that the plaintiff employee in *Whitaker* was not physically present at work when

injured, so too is it immaterial whether Auld was injured while in the office.[2] *Id.* at *4. Based on her complaint, and looking at the totality of the circumstances, Auld's injury arose in the course of her employment duties as a result of the BIA's failure to grant her an accommodation.

\* \* \*

Because the Secretary of Labor has determined that FECA likely applies to Auld's claim, there is at least a substantial question with respect to FECA coverage and the FTCA's waiver of sovereign immunity does not apply. Accordingly, Auld's claims are barred by sovereign immunity and this Court lacks jurisdiction to entertain them. The Court therefore dismisses Auld's complaint under Rule 12(b)(1).[3]

The dismissal of Auld's complaint is without prejudice and Auld may refile her FTCA claims at a later date if she "can prove that the Secretary of Labor has decided that [her] compensation claims are outside the scope of FECA." *Manning v. Esper*, No. CV 12-1802 (CKK), 2019 WL 281278, at *14 (D.D.C. Jan. 22, 2019); *Whitaker*, 2023 WL 4999324, at *7 (same).[4]

---

[2] Although the "on the job" distinction Auld draws is immaterial, the Court observes that Auld was, in fact, "working at the Agency office on January 29, 2020" when she began to miscarry. Compl. at 9, ¶ 38. Moreover, it is reasonable to assume that some of Auld's work-related and seizure-inducing stress occurred during her time at the office. Therefore, even if the distinction were material, at least some aspect of Auld's injury likely occurred "on the job."

[3] The Government also moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and alternatively moves for summary judgment pursuant to Rule 56. Because the Court resolves the Government's motion pursuant to Rule 12(b)(1), the Court does not reach the Government's alternative arguments.

[4] To the extent that there is any uncertainty over whether FECA bars the claim brought on behalf of Auld's child, the Court need not reach this issue because Auld waives that claim, acknowledging that it is unexhausted. *See* Mem. in Opp. at 20; *see also* Mot. to Dismiss at 14–16 (explaining that Auld did not present an administrative claim on behalf of her child or his estate).

## V.  CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 20, 2023                                                           RUDOLPH CONTRERAS
                                                                                                        United States District Judge